BERNABÉ SABÁLIER, demandante, *v.* SANTIAGO IGLESIAS y EL
BANCO DE SAN JUAN, demandados. IN RE. JOSÉ MORALES
DÍAZ, peticionario y apelado y EL BANCO DE SAN JUAN,
opositor y apelante.

No. 3416.—*Visto:* Enero 21, 1925. *Resuelto:* Mayo 19, 1925.

APELACIÓN Y ERROR — AUTOS Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD —
NECESIDAD DE UN PLIEGO DE EXCEPCIONES, EXPOSICIÓN DEL CASO O RELACIÓN
DE HECHOS—PAGOS POR SÍNDICO.—El Tribunal Supremo no puede decir que
una corte de equidad nunca debe autorizar el pago por un síndico de hono-
rarios por trabajos hechos a un demandante en la acción principal, cuando
faltan tanto los autos de dicha acción como el de los procedimientos de sin-
dicatura y una exposición del caso que demuestren las circunstancias que
rodearon la transacción.

RESOLUCIÓN de *Charles E. Foote, J.* (Primer Distrito, San Juan),
autorizando un Síndico a pagar al taquígrafo cierta suma por
honorarios. *Confirmada.*

*F. H. Dexter* y *R. Rivera Zayas,* abogados del demandante; *Leo-
poldo Feliú,* abogado de los demandados; *M. Figueroa del Ro-
sario,* abogado del Síndico, y *Llorens Torres & Arroyo,* abogados
del opositor y apelante.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del
tribunal.

La corte inferior ordenó a un síndico pagar al taquí-
grafo de la corte una suma que se reclamaba como compen-
sación por trabajo hecho para el demandante por dicho ta-
quígrafo, en el curso de un litigio en el cual había sido nom-
brado el síndico.

Los abogados del demandante y del síndico estuvieron
conformes con dicho pago y el abogado del banco se opuso
a la moción presentada por el taquígrafo en la cual se fundó
la orden del tribunal.

Los señalamientos de error y argumentación de la parte
apelante son los siguientes:

"1. La corte inferior erró al asumir jurisdicción para decretar
la orden apelada contra la oposición del Banco de San Juan.

"2. La corte inferior erró al declarar con lugar la moción del

peticionario, la cual no aduce hechos suficientes para determinar una causa de pedir contra la Sindicatura.

"3. La orden apelada ha sido dictada en perjuicio del apelante.

"*Argumentación.*—Los tres errores señalados pueden resumirse en uno, a saber, que la orden apelada es nula *ab initio* porque 'si la moción de Morales no aduce hechos determinantes de una causa de pedir en Equidad porque el crédito que se pretende cobrar no es de cargo del Síndico, sino que es una deuda privada de Bernabé Saba-lier, la corte no tenía jurisdicción en Equidad para perjudicar al Banco de San Juan decretando y ordenando al Síndico que pague una deuda de cualquiera de las partes en perjuicio de los fondos de la Sindicatura.

"El mero hecho de que en la misma orden 'se disponga de que el Síndico pueda cargar esos $500.00 al demandante, en vez de justifi-car la actitud de la corte la hace más arbitraria, pues ni el deman-dante tiene crédito alguno contra la Sindicatura, ni hasta que se termine la Sindicatura no puede determinarse qué interés tenga el demandante Sabalier en el remanente de los fondos de la Sindicatura. Si el demandante pierde, como esperamos que perderá, el pleito prin-cipal, entonces no tiene interés alguno en dicho remanente, y la 'suma así pagada para cancelar una deuda privada del demandante será un verdadero contrasentido. Además, aún después de que termine la Sindicatura, Sabalier tiene otras deudas que tienen indudable-mente preferencia como son el pago de contribuciones, honorarios de sus abogados, etc.

"La deuda de Morales no sería más que una deuda común, al igual que la de su cocinera o de su médico y boticario."

Los autos ante nuestra consideración están constituídos por una moción, una orden y un escrito de apelación. No consta si el demandante tenía o no fondos a su favor en poder del síndico. Ni aparece tampoco cuál era el objeto, ni la naturaleza de las circumstancias por las cuales se en-tregó la transcripción de autos hecha para el demandante por el taquígrafo.

No sabemos de ninguna presunción en cuanto a mora en el pago de las costas; ni estamos informados sobre lo que podría o no ser el efecto de una revocación por la preferen-cia invocada por el abogado del banco a nombre del abo-gado del demandante, pero ya renunciada por el segundo.

La corte inferior tuvo ante sí los autos, tanto en el caso principal como en el de los procedimientos de Sindicatura; y a falta de estos autos, y de una exposición del caso, o de alguna cita de autoridades, no estamos en condiciones de poder decir que una corte de equidad nunca debe autorizar el pago de honorarios de taquígrafos por un síndico por una transcripción entregada al demandante, sin tener en cuenta las circunstancias que rodean la transacción.

*Debe confirmarse la resolución apelada.*